UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ADVANCED COMMUNICATION DESIGN, INC.,

Plaintiff,

v.

PREMIER RETAIL NETWORKS, INC.,

Defendant.

CIVIL NO. 01-983 (DSD/JMM)

ORDER

The above matter came on for hearing before the undersigned on February 1, 2002 upon Defendant's Motion for a Protective Order [Docket No. 60]. Michael M. Lafeber, Esq. appeared on behalf of Plaintiff; David P. Pearson, Esq. appeared on behalf of Defendant.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1. Defendant's Motion for a Protective Order [Docket No. 60] is denied.

2. Notwithstanding the provisions of Rule 26(d) of the Federal Rules of Civil Procedure, the Parties may undertake discovery with respect to the issues of damages.

Dated: February 5, 2002

JOHN M. MASON
United States Magistrate Judge

FEB 0 5 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

MEMORANDUM

Plaintiff seeks to take the depositions of three customers of Defendant for the purpose of establishing the damages which Plaintiff will claim in this litigation. The customers have not objected to the taking of their depositions. Defendant does not object to the taking of the depositions at a later time, but urges the Court to refrain from permitting the depositions at this time given the present procedural circumstances of this case. For the reasons which follow, we conclude that the depositions should be permitted to go forward, at times and places mutually agreed upon. (The Court is available by telephone if assistance is desired in this regard).

The status of Defendant as a party in this case is in doubt at the present time. Plaintiff has made a motion for a default judgment as to liability, and Defendant has made a motion to be relieved from default. We are not persuaded that this circumstance warrants a deferral of the desired depositions. The depositions will relate to the issue of damages. This is an issue which will remain for resolution regardless of the decision on the pending motions. Moreover, information of this sort will have a bearing on the position of the Parties with respect to any settlement discussions. See Rule 26(a)(1)(C).

Defendant also points out that under Rule 26(d), discovery may not be undertaken prior to a conference held pursuant to Rule 26(f), unless the Court otherwise orders. Counsel for Plaintiff reasonably relied upon the statement of the Court at page 40 of the hearing: "As to whether parties can take discovery at all in the absence of Rule 26(f) conference, under Rule 26(d) that's not permitted unless otherwise ordered and I hereby otherwise order, and I will issue an order to that effect." Counsel for Defendant correctly

and reasonably observes that in fact the Court never did issue a written Order to that effect. This Court's failure to do what it had announced it was going to do occasioned the current Motion.

We are sympathetic to and adopt the view of counsel for Defendant that the holding of a Rule 26(f) conference should be deferred until the issues concerning default vel non are resolved. At the same time, we believe that the discovery which is sought, and any reasonable additional discovery limited to damages, should be permitted to go forward. We are confident that the Parties will not undertake burdensome discovery, and that until the Rule 26(f) conference, the Court will be able to resolve these issues on a case-by-case basis if necessary.

J.M.M.