**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| **ADVANCED COMMUNICATION DESIGN, INC.,**<br><br>**Plaintiffs and Counterdefendant,**<br><br>**v.**<br><br>**PREMIER RETAIL NETWORKS, INC.,**<br><br>**Defendant and Counterclaimant.** | **COURT FILE NO. 01-983 DSD/JMM**<br><br>**<u>PROTECTIVE ORDER</u>** |

Plaintiff Advanced Communication Design, Inc. ("ACD") and defendant Premier Retail Networks, Inc. ("PRN"), by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order:

1. All documents, materials, items, and/or information that contain or comprise confidential research, development, or commercial information produced or submitted during the course of this action either by a party or by a nonparty to or for either of the parties shall be governed by this Protective Order.

2. Any information or materials produced by any party or nonparty as part of discovery in this action may be designated by such party or nonparty as (1) "Confidential" or (2) "Highly Confidential - Attorneys' Eyes Only" under the terms of this Protective Order.

3. Information or materials designated as "Confidential" shall be those things that may be disclosed to the parties for the purposes of the litigation, but which must be protected against disclosure to third parties. Absent a specific order by this Court, once designated as "Confidential,"



FILED MAY - 3 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

such designated information shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

4. Information or materials designated as "Highly Confidential - Attorneys' Eyes Only" shall be those things of a proprietary business or technical nature that might be of value to a competitor or potential customer of the party or nonparty holding the proprietary rights thereto, and that must be protected from disclosure. Such information shall be generally limited to: (a) financial information not otherwise available to the public, including but not limited to invoices and purchase orders; (b) the names of manufacturers, customers and potential customers, including but not limited to contracts and related documents with the same; (c) business plans; (d) the names of suppliers and potential suppliers, including but not limited to contracts and related documents with the same; (e) technical product information not yet released to the public; (f) pending patent applications; and (g) test data of the designating party. Absent a specific order by this Court, once designated as "Highly Confidential - Attorneys' Eyes Only," such designated information shall be used by the parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

5. The designation of information or material as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

(a) in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY," as appropriate, to at least the first page of any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; and

(b) in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," as appropriate, hereunder; or (ii) by written notice of such designation sent by counsel to all parties within fifteen (15) days after the mailing (via overnight mail) to counsel of the official final transcript of the deposition. During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed "Confidential" or "Highly Confidential - Attorneys' Eyes Only." The parties shall treat all deposition and other pretrial and trial testimony as "Highly Confidential - Attorneys' Eyes Only" hereunder until the expiration of fifteen (15) days after the mailing (via overnight mail) to counsel of the official final transcript of the deposition. Unless so designated, any confidentiality is waived after the expiration of the 15-day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information

designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

6. Information or material designated as "Confidential, "or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) employees of the parties whose assistance is needed by counsel for the purposes of this litigation subject to and conditioned upon compliance with Paragraph 9 herein;

(c) consultants as defined in Paragraph 8 herein and subject to and conditioned upon compliance with Paragraph 9 herein;

(d) the Court, pursuant to Paragraph 11 herein;

(e) court reporters employed in connection with this action;

(f) graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 9 herein;

(g) non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 10 herein; and

(h) any other person only upon order of the Court or upon written consent of the party producing the confidential information or material subject to and conditioned upon compliance with Paragraph 9 herein.

7. Information or material designated as "Highly Confidential - Attorneys' Eyes Only," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a) parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b) consultants as defined in Paragraph 8 herein and subject to and conditioned upon compliance with Paragraph 9 herein;

(c) the Court, pursuant to Paragraph 11 herein;

(d) court reporters employed in connection with this action;

(e) graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 9 herein;

(f) non-technical jury or trial consulting services retained by counsel for a party, subject to and conditioned upon compliance with Paragraph 9 herein; and

(g) any other person only upon order of the Court or upon written consent of the party producing the confidential information or material subject to and conditioned upon compliance with Paragraph 9 herein.

8. For purposes of Paragraphs 6(c) and 7(c) herein, a consultant shall be defined as a person who is <u>neither</u> an employee of a party nor anticipated to become an employee in the near future, and who is neither a competitor of a party nor anticipated to become a competitor in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of counsel for a party.

9. All persons listed in Paragraphs 6(b), 6(c), 6(f), 6(g) and 6(h) above may be given access to information or material designated as "Confidential," provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A. Similarly, all persons listed in Paragraphs 7(b), 7(e), 7(f) and 7(g) above may be given access to information or material designated as"Highly Confidential - Attorneys' Eyes Only" provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

10. Any person may be examined as a witness at trial or during a deposition concerning any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" which that person had lawfully received or authored prior to and apart from this action. During examination, any such witness may be shown information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by a party, which appears on its face or from other documents or testimony to have been received or authored by that witness from, or communicated to that witness by, that same party provided that the examining party makes a reasonable effort to obtain the witness' compliance with paragraph 10.

11. Documents, interrogatory responses, responses to requests for admission, depositions transcripts, or other information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," where filed with the pleadings or as evidence, shall be delivered sealed to the Clerk of the Court and shall not be available for public inspection. Pleadings, memoranda or other papers containing information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall also be filed in sealed envelopes marked with the case name and number of this action, the title of the paper which contains the information or material designated as "Confidential" or "Highly Confidential -Attorneys' Eyes Only," and a statement substantially in the following form:

> [CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY] UNDER PROTECTIVE ORDER
>
> THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT. THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS TO BE EXAMINED, DISPLAYED, REVEALED, OR COPIED EXCEPT IN COMPLIANCE WITH THE PROTECTIVE ORDER.

12. A party may challenge the other party's designation of information or materials produced herein as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court within fifteen (15) days after conferring with the

producing party, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. The burden of proving the asserted designation shall be on the producing party. Failure to make an application within this period shall constitute a waiver of the objection. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

13. All "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information and material covered by this Protective Order shall be kept in secure facilities, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 6 and 7 above as persons properly having access thereto.

14. All counsel for the parties who have access to information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

15. Notwithstanding any provision of this Order, every person who receives information designated as "Highly Confidential - Attorneys' Eyes Only" under this Order is precluded from preparing or prosecuting, or supervising the preparation or prosecution of, or providing any such information to any person involved in preparing or prosecuting, any patent applications, reissue proceedings, or reexamination proceedings with the United States Patent and Trademark Office ("USPTO") or any similar proceedings with any foreign counterpart to the USPTO, involving any

patent or patent application having claims directed to video and audio preview devices that enable multiple users to simultaneously sample full motion video/audio materials. This preclusion is limited to proceedings involving patents and patent applications having an effective filing date before this action, during this action, or within one year after termination of this action.

16. Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only," or otherwise complying with the terms of this Protective Order shall not:

(a) operate as an admission by any party that any particular information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b) operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "Confidential" or "Highly Confidential - Attorneys' Eyes Only";

(c) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

(d) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(e) prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(f) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information;

(g) prejudice in any way the rights of a party to make a showing that information or materials of proprietary or competitive value, but which is not specifically included in the categories of Highly Confidential - Attorneys' Eyes Only" information or materials itemized in Paragraph 4 above, is properly designated "Highly Confidential - Attorneys' Eyes Only"; or

(h) prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

17. This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose. Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" obtained lawfully by such party independently of any proceedings in this action, or which:

(a) was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in this action;

(b) is or becomes publicly known through no fault or act of such party; or

(c) is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

18. In the event that information in the possession or control of a party involves the confidentiality rights of a non-party or its disclosure would violate a Protective Order issued in

another action, the party with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information under this Order. If the consent of the non-party cannot be obtained, the party will notify the party seeking discovery of: (a) the existence of the information without producing such information and; (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party does not violate any confidentiality obligations). The party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

19. If a party inadvertently produces "Confidential" or "Highly Confidential - Attorneys' Eyes Only" information without marking it as such, it may be disclosed to others until the receiving party becomes aware of the error, unless it appears from the face of the document that it contains non-public, confidential, proprietary, commercially sensitive, or trade secret information of the producing party. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 6 or 7 above, as well as any copies made by such persons.

20. If a party inadvertently produces a document that it later discovers to be a privileged document, the production of that document shall not be deemed to constitute the waiver of any applicable privileges. In such circumstances, the producing party must immediately notify the receiving party of the inadvertent production, and request the return or confirmed destruction of the privileged materials. Within five (5) days of receiving such notification, the receiving party shall return or confirm destruction of all such materials, including any summaries thereof. Such return or

confirmation of destruction shall not preclude the receiving party from seeking to compel production of the materials for reasons other than its inadvertent production.

21. The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

22. It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial proceedings in this action. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other party hereto for good cause.

23. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

24. The provisions of this Protective Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party, or shall certify destruction thereof. Counsel described in paragraphs 6(a) and 7(a) above shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court

papers, transcripts, and attorney work product that contain information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only") provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party of the information or material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

25. In the event that any information or material designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" through such use. Counsel for the parties shall confer on such procedures as are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

26. If any party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those who produced or designated the information or material "Confidential" or "Highly Confidential - Attorneys' Eyes Only" and shall object to its production to the extent permitted by law. Should the person seeking access to the information or

material take action against the party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

Dated: May 2, 2002

BRIGGS AND MORGAN, P.A.

By [signature]
John B. Lunseth, II (#65341)
Michael M. Lafaber (#242871)
Kurt J. Niederluecke (#271597)

2400 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 334-8400

ATTORNEYS FOR PLAINTIFF
ADVANCED COMMUNICATION DESIGN, INC.

Dated: May 1, 2002

ROBINS, KAPLAN, MILLER & CIRESI LLP

By [signature]
Martin R. Lueck (#155548)
Thomas J. Undlin (#183751)
Diane L. Simerson (#270702)
Stacie E. Oberts (#278361)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

**ATTORNEYS FOR DEFENDANT PREMIER RETAIL NETWORKS, INC.**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: May 3, 2002

BY THE COURT:

The Honorable John M. Mason
United States Magistrate Judge

MAY - 3 2002

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.